IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS JONES,

    Petitioner,                                  No. CIV S-04-0950 LKK CMK P

    vs.

DAVE RUNNELLS, Warden.

    Respondent.                           <u>ORDER FOR FURTHER BRIEFING</u>

_____/

        Petitioner, who is a state prisoner, is proceeding with this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented by appointed counsel. On March 13, 2007, petitioner filed a motion to stay and abey the instant federal proceedings while petitioner exhausts his claim in state court on two new claims. Respondent has filed a timely objection.

        Petitioner was convicted of second-degree robbery in March 2000 and sentenced to state prison for an indeterminate term of 25 years to life. His conviction was affirmed by the California Court of Appeal on October 24, 2001. Petitioner filed a petition for review in the California Supreme Court, which was denied on January 16, 2002. On August 13, 2004, petitioner filed a petition or a writ of habeas corpus in the California Supreme Court and that petition was denied on April 28, 2004. Petitioner filed this petition on May 14, 2004.

1

On June 28, 2004, the court appointed the Federal Public Defender to represent petitioner. Attorney Victor Haltom was substituted as counsel in place of the Federal Public Defender on August 18, 2004. Attorney Haltom requested numerous extensions of time to either file an amended petition or to stand on the existing petition. (Docs. 11, 14, 17, 19.) By order filed on October 6, 2005, the court ordered petitioner to either file an amended petition or stand on his existing petition within two weeks. (Doc. 23.) On October 24, 2005, petitioner's counsel responded by requesting that he be allowed to make arrangements to secure appointment of replacement counsel. (Doc. 24.) In January 2006, petitioner's current counsel, Krista Hart, was substituted for Mr. Haltom.

Rhines v. Weber, 544 U.S. 269 (2005) allows a court to stay a habeas petition pending exhaustion of claims in a mixed petition. District courts have limited discretion to stay mixed petitions because "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the Anti-Terrorism and Effective Death Penalty Act of 1996's (AEDPA) objective of encouraging finality by allowing a petitioner to delay the resolution of his federal proceedings. Id. at 277. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. See id.

The factors the court should consider when determining whether to grant a stay are (1) whether petitioner has good cause for failing to exhaust state remedies; (2) whether unexhausted claims are potentially meritorious; and (3) whether petitioner has been diligent in litigating his claims. Rhines, 544 U.S. at 277-278.

Petitioner's original federal petition raised the following claims: (1) the trial court erroneously failed to instruct the jury that robbery requires the specific intent to use force or fear; (2) the trial court abused its discretion in allowing impeachment of petitioner with prior convictions; (3) the trial court improperly used prior convictions for three strikes enhancements. Petitioner is abandoning claim 3. (Doc. 40, Ex. A.)

1  He seeks a stay to exhaust two new claims in state court: (1) trial counsel was
2  ineffective in not having petitioner's blood "quantitatively" tested for cocaine metabolites; and
3  (2) trial counsel was ineffective in failing to contact individuals completing the survey in the
4  parking lot.  (Doc. 40 at 2-3.)  Following exhaustion in state court, petitioner would seek to
5  adjudicate those two claims in federal court.

6  In Rhines v. Weber, the Supreme Court did not explain what showing would
7  satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to
8  exhaust.  However, the law is well-developed regarding the showing necessary to satisfy the
9  analogous requirement that a habeas petitioner demonstrate "cause" to excuse a failure to exhaust
10  in the context of procedural default. In determining both the "cause" required to excuse a
11  procedural default and the "good cause" required under Rhines v. Weber, the relevant inquiry is
12  the petitioner's justification for failing to exhaust his or her other claims prior to filing a federal
13  habeas petition.  To show "cause" for a procedural default, a petitioner ordinarily must show that
14  the default resulted from an objective factor external to the petitioner which cannot fairly be
15  attributed to him or her.  See Coleman v. Thompson, 501 U.S. 722, 753(1991) (quoting Murray v.
16  Carrier, 477 U.S. 478, 488 (1986)); see High v. Ignacio, 408 F.3d 585, 590 (9th Cir.2005).

17  In his motion to stay and abey the instant proceedings, petitioner offers no details
18  of why he failed to exhaust his claims.  There is no assertion that petitioner's prior failure to
19  exhaust was due to external forces, but, on the other hand, there is no indication that external
20  forces are not the reason.  Of particular concern to the court in this analysis is the effect that
21  appointed counsel's numerous extension requests (and the change of appointed counsel in 2006)
22  may have had on petitioner's failure to exhaust.
23  ///
24  ///
25  ///
26  ///

3

IT IS THEREFORE ORDERED that:

1. Petitioner shall have thirty days from the date of entry of this order to show good cause for his failure to exhaust his the two new claims in his lodged amended petition, to demonstrate to this court that these claims are not plainly meritless, and that he has been diligent in his pursuit of state court remedies.

2. Respondent shall have twenty days to respond.

3. Petitioner shall thereafter have fifteen days to reply.

DATED: May 15, 2007.

                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE

4