IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS JONES, | No. CIV S-04-0950-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DAVID RUNNELS, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for stay of habeas proceedings pending exhaustion in state court of unexhausted claims (Doc. 40) filed March 13, 2007.  Respondent filed an opposition to the motion, and both parties have filed further briefs as requested by the court.

      Petitioner's original petition, filed on May 14, 2004, contains three claims: (1) the trial court erred in instructing the jury regarding specific intent to use force or fear; (2) the trial court erred in allowing petitioner to be impeached by his prior convictions; and (3) the trial court improperly used petitioner's priors for the purpose of three strikes enhancement.  Petitioner now seeks an order by this court to stay these proceedings and hold this case in abeyance while he returns to state court to exhaust two new claims, never before presented to the state court.  He

1

then will return to this court and amend his petition to add these two new claims, namely: (1) the denial of effective assistance of counsel for failing to have petitioner's blood quantitatively tested for cocain metabolites; and (2) the denial of effective assistance of counsel for failing to contact or interview the individuals completing the survey in the parking lot.[1]

STAY AND ABEYANCE

There are two approaches for analyzing a stay-and-abeyance motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), applies. See Jackson, 425 F.3d at 661.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order, the court must determine that there was good cause for failing to exhaust his claims before raising them in this case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277.

///

---

[1] Petitioner has attached as an exhibit to his motion for stay and abeyance a copy of his proposed amended petition. In this proposed amended petition, he specifically states he is abandoning his third exhausted claim raised in his original petition. Because this amended petition is attached as an exhibit to his motion, and has not been filed, this action proceeds on petitioner's original petition, which contains only exhausted claims.

2

1         Under <u>Kelly</u>, the district court is required to ". . . consider the option of holding
2 the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in
3 state court before attempting to amend his federal petition to include the newly exhausted
4 claims." <u>Jackson</u>, 425 F.3d at 661 (citing <u>Kelly</u>, 315 F.3d at 1070). Whether to exercise this
5 option is within the discretion of the district court. <u>See</u> <u>Kelly</u>, 315 F.3d at 1070. However, the
6 Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would
7 otherwise be forfeited." <u>Id.</u> Moreover, a stay under such circumstances promotes comity by
8 deferring the exercise of federal jurisdiction until after the state court has ruled. <u>See id.</u>
9         Regardless of which approach is used, a stay is only appropriate where petitioner
10 has demonstrated the unexhausted claims are valid, not "plainly meritless," and that he is
11 diligently pursuing his state court remedies with respect to these claims. <u>See</u> <u>Jackson</u>, 425 F.3d
12 at 661; <u>Kelly</u>, 315 F.2d at 1070.
13     STATUTE OF LIMITATIONS
14         Federal habeas corpus petitions must be filed within one year from the later of: (1)
15 the date the state court judgment became final; (2) the date on which an impediment to filing
16 created by state action is removed; (3) the date on which a constitutional right is newly-
17 recognized and made retroactive on collateral review; or (4) the date on which the factual
18 predicate of the claim could have been discovered through the exercise of due diligence. <u>See</u> 28
19 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court
20 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
21 review. <u>See</u> 28 U.S.C. § 2244(d)(1).
22         Where a petition for review by the California Supreme Court is filed and no
23 petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
24 begins running the day after expiration of the 90-day time within which to seek review by the
25 U.S. Supreme Court. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no
26 petition for review by the California Supreme Court is filed, the conviction becomes final 40

days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct

///

review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

DISCUSSION

In this case, petitioner was convicted on March 13, 2000. His conviction was affirmed by the California Court of Appeal on October 24, 2001. The California Supreme Court denied his petition for review on January 16, 2002. The time to file a petition for certiorari with the United States Supreme Court ended on April 16, 2002. Petitioner then filed his first writ of habeas corpus with the Sacramento Superior Court on April 15, 2003, just shy of one year later. Petitioner's last state court case was decided on April 28, 2004. The instant federal writ of habeas corpus was filed on May 14, 2004.

As respondent states, even assuming, arguendo, that all internal tolling intervals between the state filings were found to be reasonable, the statute of limitations has already run on petitioner's ineffective assistance of counsel claims. Under the AEDPA's statute of limitations, petitioner's federal petition must be filed within one year of his conviction being final, or within one year of discovery of the facts to support the claim, plus the time allowed for tolling. Petitioner's conviction became final on April 16, 2002.[2] Petitioner then waited almost an entire year – until April 15, 2003 – to file his first habeas petition with the state courts. Even assuming he is entitled to tolling during the pendency of his state cases through April 28, 2004, petitioner's time to file a federal writ of habeas corpus had expired by the date he filed the instant action on May 14, 2004. By the time he first filed in state court, only 1 day remained on the statute of

///

///

---

[2] Petitioner cannot claim that the statute of limitations as to his ineffective assistance of counsel claims should begin to run on a later date because claims related to ineffective assistance of counsel are not the types of claims that are discovered at a later date. At the latest, petitioner was aware of the facts supporting an ineffective assistance of counsel claim at the time of his conviction. He does not argue that he learned about the facts giving rise to these claims at a later date, nor can he.

5

1 limitations.  Thus, petitioner would have had to file the instant petition on April 28, 2004, to be
2 timely.  Instead, petitioner waited until May 14, 2004 – over two weeks past the expiration of the
3 statute of limitations.

4    Moreover, even if the new claims would have been timely had they been included
5 with the original petition filed in this court on May 14, 2004, because they are to be raised in an
6 amended petition, the amended petition would have to relate back to the date the original petition
7 was filed for the new claims to be timely.  Under Federal Rule of Civil Procedure 15(c)(2), which
8 is applicable in habeas proceedings, amendments made after the statute of limitations has run
9 relate back to the date the original pleading was filed if the original and amended pleadings arise
10 out of the same conduct, transaction, or occurrence.  Relation back requires a common core of
11 operative facts uniting the original and new claims.  See Mayle v. Felix, 545 U.S. 644, 659
12 (2005).  In the habeas context, the Ninth Circuit had held that the words "same conduct,
13 transaction, or occurrence" meant that an amended habeas petition would relate back so long as
14 any new claims stems from the petitioner's trial, conviction, or sentence.  See id. at 656.  The
15 Supreme Court noted that, under this formulation, ". . . virtually any new claim introduced in an
16 amended petition will relate back, for federal habeas claims, by their very nature, challenge the
17 constitutionality of a conviction or sentence. . . ." Id. at 656-67.  The majority of circuits,
18 adopted a narrow rule in light of AEDPA's one-year statute of limitations.  See id. at 657.  The
19 narrow rule allows relation back only when ". . . the claims added by amendment arise from the
20 same core facts as the timely claims and not when the new claims depend upon events separate in
21 'both time and type' from the originally raised claims."  Id.

22    An amended habeas petition does not relate back when it asserts a new ground for
23 relief supported by facts that differ in both time and type from those the original petition set
24 forth.  See id. at 657.  In determining whether the amended claim and original claim arose from a
25 common core of operative facts, the Supreme Court in Mayle compared the facts required to
26 answer the dispositive questions presented as to each claim.  See id. at 657-68.

1       In this case, petitioner's original claims involve errors by the trial court in
2  instructing the jury and allowing use of petitioner's priors to impeach petitioner.  Neither of these
3  claims, nor his third claim for the use of his priors as sentencing enhancements, had anything to
4  do with the actions of trial counsel, nor do they share any of the same basic facts.  Trial counsel's
5  failure to have petitioner's blood tested for cocain metabolites and to interview potential
6  witnesses are completely unrelated to the actions of the trial court.  Therefore, petitioner is not
7  able to relate these new claims back to the filing date of his federal petition, and these new claims
8  would be barred by the AEDPA's one-year statute of limitations, even if the new claims would
9  have been timely if filed by the original filing date.

10      Finally, petitioner claims that there is good cause for the delay in presenting the
11  new claims to the state court because he attempted to have his previously appointed habeas
12  counsel amend his complaint to include these claims back in July 2004, shortly after counsel was
13  appointed.  However, as respondent notes, petitioner's statute of limitations time ran prior to the
14  date of his letter to counsel informing counsel about the possible ineffective assistance of counsel
15  claim.  It appears that petitioner was in fact aware of this possible claim at the time he filed his
16  federal petition, and did nothing in an attempt to exhaust the claims with the state court.
17  Therefore, the undersigned does not find that petitioner had good cause for his failure to exhaust.

18      Based on the foregoing, the undersigned recommends that petitioner's motion for
19  stay and abeyance should be denied.

20      These findings and recommendations are submitted to the United States District
21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 30 days
22  after being served with these findings and recommendations, any party may file written
23  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24  / / /
25  / / /
26  / / /

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2007

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE