**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIUS JONES, | No. CIV S-04-0950-LKK-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| DAVID RUNNELS, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

      On December 19, 2007, the magistrate judge filed findings and recommendations (Doc. 53) herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days.  Timely objections to the findings and recommendations have been filed.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

1  Petitioner argues in his objections that he is entitled to gap and equitable tolling
2  of the statute of limitations.  Citing Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003),
3  petitioner argues that the magistrate judge failed to properly apply a three-step procedure to
4  allow him to amend his petition to remove unexhausted claims, stay and hold the exhausted
5  petition in abeyance to allow him to proceed to state court to exhaust the deleted claims, and then
6  allow him to file an amended petition reinserting the newly exhausted claims.  (Objections at 5).
7  Petitioner objects to the magistrate's finding and recommendations on the basis that the
8  magistrate judge failed to analyze the case under this three-step procedure and instead "couched
9  all of its analysis in terms of statute of limitations."  (Objections at 6).

10  First, petitioner's argument that the magistrate judge failed to follow the proper
11  procedure is misplaced.   The magistrate judge analyzed this case under Kelly, which requires a
12  stay and abeyance order only if petitioner has demonstrated the unexhausted claims are valid, not
13  "plainly meritless," and that he is diligently pursuing his state court remedies with respect to
14  these claims.  See Kelly, 315 F.3d at 1070.  This requires a determination of whether petitioner's
15  unexhausted claim are valid and, in this instance, not barred by the statute of limitations.  As the
16  magistrate judge discussed, even giving petitioner the benefit of any doubt that he is entitled to
17  his gap tolling for the time he had a properly filed application for post-conviction relief pending
18  in the state court, petitioner's argument that he should also be allowed "gap tolling" for the time
19  between the California Supreme Court's decision and the filing of his petition with this court is
20  unavailing.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); See also Lawrence v.
21  Florida, ___ U.S. ___, 127 S. Ct. 1079, 1082-85 (2007).  Tolling is allowed for the time period in
22  which there is a state application of post-conviction relief pending.  After the California Supreme
23  Court issued it's final decision, there was no longer any state application pending.  Petitioner
24  then would have had one day left of his statute of limitations to file his petition with this court.
25  Therefore, even if his amended petition could relate back to the date of filing of his original
26  petition, and he was given the benefit of equitable tolling, his unexhausted claims would still be

barred by the statute of limitations, and thus not valid.  Therefore, the magistrate judge's determination that a stay is not appropriate in this case is supported by the record and by proper analysis.

In addition, petitioner is not currently proceeding on a mixed petition as counsel argues.  This case is proceeding on the original petition which has only fully exhausted claims.  Petitioner has requested the court stay and hold these proceedings in abeyance to allow him to raise his unexhausted claims in state court and then file an amended petition which would then include these newly exhausted claims.  The court finds this is not appropriate in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 19, 2007, are adopted in full;

2. Petitioner's motion for stay and abeyance (Doc. 40) is denied; and

3. This matter is referred back to the magistrate for further proceedings.

DATED: March 14, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT