IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS JONES,   No. CIV S-04-0950-LKK-CMK-P

    Petitioner,

  vs.   ORDER

DAVID RUNNELS, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's request for a certificate of appealability (Doc. 74).

    Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's denial of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P.

22(b); but see Woods v. Carey, 525 F.3d 886 (9th Cir. 2008) (citing White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004), and suggesting that a certificate of appealability is not required in cases where petitioner challenges the denial of parole).

In this case, petitioner raised two issues. First, petitioner challenges the adequacy of the jury instructions given by the state trial court. Petitioner, who was convicted of robbery, contends that under California Penal Code section 211, robbery requires specific intent to use force, whereas the trial court's instructions did not communicate this intent. Petitioner seeks to package this argument in a federal habeas petition by claiming that the trial court violated due process by allowing petitioner to be convicted without ensuring that the trier of fact found all of the elements of the crime to be established beyond a reasonable doubt. However, the California Court of Appeal rejected petitioner's contention that specific intent to use force was an element of the offense. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Accordingly, there can be no disagreement among reasonable jurists as to whether it was proper for this court to adhere to the California Court of Appeal's interpretation.

Second, petitioner argued that the state trial court erred when it admitted petitioner's ten prior felony convictions as evidence used to impeach petitioner's testimony. Petitioner argues that admission of these convictions and their use at trial effectively deprived petitioner of his Sixth Amendment right to present witnesses--here, himself--in his own defense. In this case, petitioner did in fact testify in his own defense. He now contends that admission of these convictions "so overwhelmed petitioner's testimony [that] the jury could only have found that he was not being truthful and that if he did it before, he probably did it again." This argument raises two issues. As to the first, the Sixth Amendment provides a right to present witnesses, but not to have evidence that would impeach those witnesses disregarded. As to the second, as the magistrate explained in his findings and recommendations, there is no clearly

established federal law prohibiting the use of propensity evidence. Thus, the danger that evidence introduced to impeach a witness will be used as propensity evidence is not a constitutional violation. More generally, the federal cases cited by petitioner identified Sixth Amendment problems when state trial courts excluded evidence or inhibited defense cross-examination of prosecution witnesses, and not when state trial courts allowed defense witnesses to be impeached. Accordingly, the court does not conclude that a reasonable juror could disagree here.

For the reasons set forth in the Magistrate Judge's February 6, 2009, findings and recommendations, as summarized above, petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for a certificate of appealability (Doc. 74) is denied.

DATED: May 19, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT